UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YOVANNY HERNANDEZ SEVERINO,

    Movant,

v.   Case No. 8:24-cv-756-WFJ-AEP
    Crim. Case No. 8:18-cr-465-WFJ-AEP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Yovanny Hernandez Severino, a federal prisoner proceeding *pro se*, moves to vacate his convictions under 28 U.S.C. § 2255. (cv Doc. 1). Upon careful review, the motion is **DISMISSED as time-barred**. *See* Rule 4(b), Rules Governing Section 2255 Cases ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").[1]

---

[1] A district court may *sua sponte* dismiss a § 2255 motion where, as here, the motion's "untimeliness is clear from the face of the [motion] itself." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 654 (11th Cir. 2020). As explained below, Mr. Severino apparently concedes that his motion is untimely, arguing instead that the statute of limitations does not bar his claims because he attacks the sentencing court's subject-matter jurisdiction. (cv Doc. 1 at 11). *Sua sponte* dismissal is appropriate in these circumstances. *See Turner v. Sec'y, Dep't of Corr.*, 991 F.3d 1208, 1212 (11th Cir. 2021) (affirming *sua sponte* dismissal of § 2254 petition because "everything that the district court needed to determine timeliness was provided by Turner in his petition"); *Thomas v. Fla. Dep't of Corr.*, No. 21-13068, 2023 WL 4488294, at *2 (11th Cir. July 12, 2023) ("Given Thomas's presentation of the pertinent dates and his own admission that his petition was untimely-filed, the district court had discretion to dismiss *sua sponte* Thomas's petition as time-barred . . . .").

In January 2019, Mr. Severino pled guilty without a plea agreement to (1) conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine while on a vessel subject to the jurisdiction of the United States, and (2) possession with intent to distribute five or more kilograms of cocaine while on a vessel subject to the jurisdiction of the United States. (cr Doc. 56). On May 10, 2019, the Court sentenced Mr. Severino to 210 months' imprisonment. (cr Doc. 76). Judgment was entered the same day. (cr Doc. 77). Mr. Severino did not appeal.

Nearly five years after sentencing, Mr. Severino moves to vacate his convictions under § 2255. (cv Doc. 1). He argues that (1) the Maritime Drug Law Enforcement Act ("MDLEA") "exceeds the power of Congress" under the federal constitution, (2) the MDLEA applies only to "United States Nationals," not "Foreign Nationals" such as himself, and (3) the United States Coast Guard lacked probable cause to "search and seize the boat" on which he was found. (*Id.* at 13-21). Mr. Severino appears to concede that his motion is untimely. (*Id.* at 11). He contends, however, that the statute of limitations does not foreclose relief because "challenges to a court's subject matter jurisdiction cannot be waived, forfeited, or procedurally barred." (*Id.*)

Mr. Severino's § 2255 motion must be dismissed as untimely. The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for § 2255 motions. 28 U.S.C. § 2255(f). The clock begins to run on "the date on which the judgment of conviction becomes final."[2] *Id.* § 2255(f)(1). Here, judgment was entered on May 10,

---

[2] AEDPA imposes three alternative triggering dates—the date any unconstitutional government impediment to the movant's motion was removed; the date on which the right asserted was initially recognized by the Supreme Court; and the date on which the facts supporting the claim or claims could have been discovered

2019, and Mr. Severino did not file a direct appeal. (cr Docs. 77, 80). As a result, his convictions became final fourteen days later—May 24, 2019—when the time for filing a direct appeal expired. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires."). Mr. Severino thus had until May 26, 2020, to file a § 2255 motion. He missed the deadline by almost four years. Accordingly, his § 2255 motion is untimely.[3]

Mr. Severino resists this conclusion, arguing that his motion is entitled to a merits review because he challenges the sentencing court's subject-matter jurisdiction—a defense that "cannot be waived, forfeited, or procedurally barred." (cv Doc. 1 at 11). This argument lacks merit. To be sure, "jurisdictional error" "can never be waived by parties to litigation." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002). It does not follow, however, that a jurisdictional challenge can never be untimely. To the contrary, "courts have uniformly rejected the contention that jurisdictional challenges are exempt from AEDPA's statute of limitations." *Alston v. United States*, No. 3:13-cr-124-MMH-MCR, 2023 WL 2974174, at *6 (M.D. Fla. Apr. 17, 2023) (collecting cases). Indeed, § 2255 "specifically contemplates motions made by prisoners alleging that the court lacked jurisdiction to

---

through the exercise of due diligence. 28 U.S.C. § 2255(f). None of these alternative start dates applies to Mr. Severino's motion.

[3] The Court entered an amended judgment on June 3, 2019, to correct a clerical error concerning Mr. Severino's prisoner identification number. (cr Doc. 81). "[T]he entry of an amended judgment to correct a clerical error d[oes] not restart the § 2255 limitations period." *Rojas v. United States*, No. 07-80161-CR, 2011 WL 1467008, at *3 (S.D. Fla. Mar. 21, 2011), *adopted by* 2011 WL 1467226 (S.D. Fla. Apr. 18, 2011). Even if the amended judgment did restart the clock, Mr. Severino would have had until June 17, 2020, to file his § 2255 motion. He missed that deadline by several years.

render the judgment or to sentence the prisoner, and § 2255(f) provides no exception to the one-year time limitation period for such challenges." *Porter v. United States*, No. 17-13743-F, 2018 WL 7458652, at *2 (11th Cir. Sept. 13, 2018). Mr. Severino's assertion of a jurisdictional challenge does not suffice to overcome AEDPA's limitation period.

Mr. Severino also notes that he is "a foreign national and was unaware of the laws of the United States." (cv Doc. 1 at 5). To the extent that Mr. Severino seeks equitable tolling on this basis, the request is denied. The Eleventh Circuit has "not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion." *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) (citing *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005)). Likewise, "[a]n inability to understand English does not constitute extraordinary circumstances justifying equitable tolling." *Id.* (citing *United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005)).

Accordingly, Mr. Severino's motion to vacate under § 2255 (cv Doc. 1) is **DISMISSED as time-barred**. The Clerk is directed to enter judgment in favor of Respondent and against Mr. Severino and to **CLOSE** this case. Because Mr. Severino fails to make "a substantial showing of the denial of a constitutional right," a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2).

**DONE** and **ORDERED** in Tampa, Florida, on March 28, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE